# Supreme Court of Florida

_____

No. SC19-1897
_____

**IN RE: AMENDMENTS TO THE FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS—Forms 12.948(a)-(e).**

December 5, 2019

PER CURIAM.

Pursuant to the procedures approved in *Amendments to the Florida Family Law Rules of Procedure & Family Law Forms*, 810 So. 2d 1, 13-14 (Fla. 2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and has determined that adoption of new forms: 12.948(a) (Agreement Granting Temporary Custodial Responsibility During Deployment); 12.948(b) (Motion for Temporary Order Granting Custodial Responsibility During Deployment); 12.948(c) (Order Granting Temporary Custodial Responsibility During Deployment); 12.948(d) (Motion to Modify or Terminate Temporary Grant of Custodial Responsibility or Limited Contact to Nonparent During Deployment); and 12.948(e) (Agreement to Terminate Order Granting Temporary Custodial

Responsibility During Deployment), is needed.[1]  Input was received from the

Advisory Workgroup on the Florida Supreme Court Approved Family Law Forms,

which provided valuable assistance.

In 2018, the Legislature adopted the Uniform Deployed Parents Custody and

Visitation Act which addresses issues of child custody and visitation arising when

a parent deploys for military or other national service.  *See* Ch. 2018-69, Laws of

Fla.  Five new forms are created to implement the Uniform Act, which is codified

as Part IV of Chapter 61, Florida Statutes (2018).

The new forms are hereby adopted as set forth in the appendix to this

opinion, fully engrossed.  The new forms shall become effective immediately upon

the release of this opinion and may be accessed and downloaded from the Florida

State Courts' website at http://www.flcourts.org/resources-and-services/court-

improvement/problem-solving-courts/family-courts/family-law-forms.stml.  By

adoption of the new forms, we express no opinion as to their correctness or

applicability.  We also direct that new forms be published for comment.  Interested

persons shall have seventy-five days from the date of this opinion to file comments

with the Court.[2]

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

2.  All comments must be filed with the Court on or before February 18,
2020, as well as a separate request for oral argument if the person filing the
comment wishes to participate in oral argument, which may be scheduled in this
case.  If filed by an attorney in good standing with The Florida Bar, the comment

It is so ordered.

CANADY, C.J, and POLSTON, LABARGA, LAWSON, LAGOA, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Supreme Court Approved Family Law Forms

---

must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED
## FAMILY LAW FORM 12.948(a)
## AGREEMENT GRANTING TEMPORARY CUSTODIAL
## RESPONSIBILITY DURING DEPLOYMENT
## (12/19)

## When should this form be used?

This form should be used when one parent who is a **servicemember** is being **deployed** and the parties wish to temporarily establish or change the custodial responsibility, parenting plan, or time-sharing schedule.

A servicemember is a member of the **uniformed services** and includes:
*   Active and reserve components of the Army, Navy, Air Force, Marine Corps, or the Coast Guard of the United States
*   The United States Merchant Marine
*   The commissioned corps of the United States Public Health Service
*   The commissioned corps of the National Oceanic and Atmospheric Administration
*   The National Guard of a state or territory of the United States, Puerto Rico, or the District of Columbia

**Deployment** means the movement or mobilization of a servicemember for less than 18 months pursuant to uniformed service orders that:
*   Are designated as unaccompanied;
*   Do not authorize dependent travel; or
*   Otherwise do not permit the movement of family members to the location to which the service member is deployed.

**Custodial responsibility** includes all the powers and duties relating to caretaking authority and decisionmaking authority for a child. It includes physical custody, legal custody, parental responsibility, parenting time, right to access, time-sharing, visitation, and authority to grant limited contact with a child.

**Caretaking authority** means the right to live with and care for a child on a day-to-day basis. The term includes physical custody, parenting time, right to access, time-sharing, and visitation.

**Decisionmaking authority** means the power to make important decisions regarding a child's education, religious training, health care, extracurricular activities, and travel. The term does not include the power to make decisions that necessarily accompany a grant of caretaking authority.

**Limited contact** means the authority of a nonparent to visit a child for a limited time. The term includes authority to take the child to a place other than the child's residence**.**

Instructions for Florida Supreme Court Approved Family Law Form 12.948(a), Agreement for Temporary Custodial Responsibility During Deployment (12/19)

This agreement is temporary and terminates after the Deployed Parent returns from deployment unless the agreement has been terminated in a record or by written agreement, or by court order. A Nonparent who is an adult family member of the child or a non-family member with whom the child has a **close and substantial relationship** may be granted temporary caretaking authority, decisionmaking authority, and/or limited contact. A close and substantial relationship means a positive relationship of substantial duration and depth in which a significant emotional bond exists between a child and a nonparent.

**The Agreement Granting Temporary Custodial Responsibility During Deployment must**:
- To the extent permissible, identify the destination, duration, and conditions of the deployment that is the basis for the agreement;
- Specify the allocation of caretaking authority among the Deploying Parent, the Other Parent, and any agreed-upon Nonparent;
- Specify any decisionmaking authority that accompanies a grant of caretaking authority;
- Specify any grant of limited contact to an agreed-upon Nonparent;
- Provide a process to resolve any dispute that may arise if custodial responsibility is shared by the Other Parent and an agreed-upon Nonparent, or by other agreed-upon nonparents.
- Specify the frequency, duration, and means, including electronic means, by which the Deploying Parent will have contact with the child, any role to be played by the Other Parent or agreed-upon nonparent in facilitating the contact, and the allocation of costs of contact;
- Specify contact between the Deploying Parent and child during the time the Deploying Parent is on leave or is otherwise available;
- Acknowledge that the agreement does not modify any existing child support obligation and that changing the terms of the obligation during deployment requires modification in the appropriate court;
- Provide that the agreement will terminate after the Deploying Parent returns from deployment or as otherwise agreed upon in writing or in a record by the Deploying Parent and the Other Parent; and
- Specify which parent is required to file the agreement with the court.

**Omission of any of the above does not invalidate the agreement.**
This standard form does not include every possible issue that may be relevant to the facts of your case. The Agreement should be as detailed as possible to address the needs of the child(ren). In developing the Agreement, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

## What should I do next?

This form should be typed or printed in black ink. **You must fill in all sections of the form.** After completing the form, you should sign the form before a **notary public** or **deputy clerk**. **A military member may sign before an officer authorized to administer oaths.**

For your case to proceed, you must properly notify the court by filing the original of the Agreement and a **Motion for Order Granting Temporary Custodial Responsibility During**

Instructions for Florida Supreme Court Approved Family Law Form 12.948(a), Agreement for Temporary Custodial Responsibility During Deployment (12/19)

- 5 -

**Deployment**, Florida Supreme Court Approved Family Law Form, 12.9---, with the clerk of the circuit court. You should file the original with the **clerk of the circuit court** and keep a copy for your records. The Motion must be filed in a pending proceeding for custodial responsibility or an existing case if you have one. The caption and case number must be on the agreement. If there is not a pending proceeding, the motion must be filed in a new action. The court must have jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act. Each party to the agreement and any nonparent exercising caretaking authority must sign the agreement with their complete street address, (Post Office Box is not acceptable except for deployed members), telephone number, and e-mail address if available. Use of an e-mail address is encouraged.

If you have filed all of the required papers, you may call the clerk of court, family law intake staff or the judicial assistant to set a hearing. You must notify the other party(ies) of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. If the Motion for Order Granting Temporary Custodial Responsibility During Deployment is filed before the deploying parent deploys, you may request an expedited hearing. The court will then enter an order after the hearing.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at [www.flcourts.org](www.flcourts.org) through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature

Instructions for Florida Supreme Court Approved Family Law Form 12.948(a), Agreement for Temporary Custodial Responsibility During Deployment (12/19)

- 6 -

appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61.703-61.773, Florida Statutes.
 **Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.948(a), Agreement for Temporary Custodial Responsibility During Deployment (12/19)

- 7 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
And

_____,
Respondent.

# AGREEMENT FOR TEMPORARY CUSTODIAL RESPONSIBILITY DURING DEPLOYMENT

We, *{full legal names}* _____, Petitioner,
_____, Respondent, and
*(if applicable)* _____, Nonparent
being sworn, certify that the following information is true:
The dependent or minor child(ren) referred to in this Agreement are*:*

| **Name(s)** | **Birth Date(s)** |
|---|---|
| _____ | _____ |
| _____ | |
| _____ | |
| _____ | |
| _____ | |

**SECTION I: JURISDICTION**

1. The Court has jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act.


2. This agreement is not prohibited by the Servicemembers Civil Relief Act, Title 50, U.S.C. ss. 3901-4043.

3. A final judgment establishing custodial responsibility or a Parenting Plan with a time-sharing schedule _____ has _____ has **not** been previously entered by the court.

**SECTION II: DEPLOYMENT**

   1. Deploying Parent *{Name}*_____ is being

deployed for a period of less than 18 months pursuant to uniformed service orders.

2. To the extent that it is permissible to provide this information, the destination of the deployment is: _____
_____
_____.

3. To the extent that it is permissible to provide this information, the duration of the deployment is: _____
_____.

4. To the extent that it is permissible to provide this information, the conditions of the deployment which are the basis for this agreement are:
_____
_____
_____
_____
_____.

## SECTION III: CARETAKING AND DECISIONMAKING AUTHORITY

**Caretaking authority** means the right to live with and care for the child(ren) on a day-to-day basis. The term includes physical custody, parenting time, right to access, time-sharing and visitation.

**Decisionmaking authority** means the power to make important decisions regarding the child(ren), including decisions regarding the child(ren)'s education, religious training health care, extracurricular activities, and travel. The term does not include the power to make decisions that necessarily accompany a grant of caretaking authority.
The allocations of caretaking and decisionmaking authority are as follows:

1. **Deploying Parent:**
Caretaking authority: _____
_____
_____
_____
_____.
Decisionmaking authority: _____
_____
_____
_____.

2. **Other Parent**:
Caretaking authority:_____
_____
_____
_____

_____.

Decisionmaking authority:_____

_____

_____

_____.

3. **Agreed Nonparent:**
   Caretaking authority:_____

   _____

   _____

   _____

   _____.

   Decisionmaking authority: _____

   _____

   _____

   _____.

4. This agreement does not in any way create an independent, continuing right to caretaking authority, decisionmaking authority, or limited contact for an individual granted custodial responsibility.

**SECTION IV: DEPLOYING PARENT CONTACT WITH CHILD**
1. **Specify the contact between the Deploying Parent and the child(ren):**
   a) Frequency: _____

      _____

      _____.

   b) Duration: _____

      _____

      _____.

   c) Means, Including Electronic:_____

      _____

      _____

      _____.

   d) Role of Other Parenting in Facilitating Contact:_____

      _____

      _____

      _____.

   e) Role of Agreed Nonparent in Facilitating Contact:

      _____

      _____

      _____

      _____.

   f) Allocation of Any Costs of Contact:_____

      _____

      _____

      _____.

2. **Specify the contact between the Deploying Parent and the child(ren) during the time the Deploying Parent is on leave or is otherwise available**

_____
_____
_____
_____.

**SECTION V: AGREED NONPARENT LIMITED CONTACT WITH THE CHILD**

**Specify the limited contact an agreed nonparent has with the child(ren). This means the authority of the nonparent to visit with the child(ren) for a limited time. It includes the authority to take the child(ren) to a place other than the child(ren)'s residence.** Each nonparent who, pursuant to this agreement, will exercise caretaking authority, must sign this agreement and provide their complete name, physical street address, telephone number, and e-mail if they have an e-mail address.

_____
_____
_____
_____
_____
_____.

**SECTION VI: DISPUTE RESOLUTION**

If custodial responsibility is shared by the Other Parent and an Agreed Nonparent or Nonparents, any disputes will be resolved by: _____
_____
_____.
The Other Parent and the Agreed Nonparent may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.

**SECTION VII: CHILD SUPPORT**

This agreement does not modify any existing child support obligation and changing the terms of the obligation during deployment requires modification in the appropriate court.

**SECTION VIII: TERMINATION OF AGREEMENT**

This agreement will terminate after the Deploying Parent returns from deployment in accordance with section 61.761, F.S., or as otherwise agreed upon in writing or in a record by the Deploying Parent and the Other Parent.

**SECTION IX: FILING OF AGREEMENT**

Parent {name}_____ is responsible for the filing of the agreement. The Agreement must be filed within a reasonable time with the court that has entered an order in effect relating to custodial responsibility or child support concerning the child(ren) who is the subject of this Agreement.

**SECTION X: OTHER**

Florida Supreme Court Approved Family Law Form 12.948(a), Agreement for Temporary Custodial Responsibility During Deployment (12/19)

- 11 -

_____
_____
_____
_____.

**I certify that I have been open and honest in entering into this Agreement. I am satisfied with this Agreement and intend to be bound by it.**


Dated: _____          _____
                                        Signature of Deploying Parent
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____

                                        _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                        _____
                                        NOTARY PUBLIC, DEPUTY CLERK, or MILITARY
                                        OFFICER AUTHORIZED TO ADMINISTER OATHS


                                        _____
                                        *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

____ Personally known
____ Produced identification
____ Type of identification produced _____


**I certify that I have been open and honest in entering into this Agreement. I am satisfied with this Agreement and intend to be bound by it.**

Florida Supreme Court Approved Family Law Form 12.948(a), Agreement for Temporary Custodial Responsibility During Deployment (12/19)

- 12 -

Dated: _____        _____
                                       Signature of Other Parent
                                       Printed Name: _____
                                       Address: _____
                                       City, State, Zip: _____
                                       Telephone Number: _____
                                       Fax Number: _____
                                       Designated E-mail Address(es):_____

                                       _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                       _____
                                       NOTARY PUBLIC, DEPUTY CLERK, or MILITARY
                                       OFFICER AUTHORIZED TO ADMINISTER OATHS


                                       _____
                                       *[Print, type, or stamp commissioned name of
                                       notary or deputy clerk.]*

_____    Personally known
_____    Produced identification
_____    Type of identification produced _____


**IF A NONPARENT IS GRANTED IS GRANTED CUSTODIAL RESPONSIBILTY DURING DEPLOYMENT:
I certify that I have been open and honest in entering into this Agreement.  I am satisfied with
this Agreement and intend to be bound by it.**

Dated: _____          _____
                                        Signature of Nonparent
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____

                                        _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK


                                        _____
                                        *[Print, type, or stamp commissioned name of
                                        notary or deputy clerk.]*

_____    Personally known
_____    Produced identification
_____    Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS
BELOW:** [fill in **all** blanks]
This form was prepared for the: *{choose only one}* _____Petitioner _____ Respondent
_____Nonparent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}*_____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.948(b) MOTION FOR TEMPORARY ORDER GRANTING CUSTODIAL RESPONSIBILITY DURING DEPLOYMENT (12/19)

## When should this form be used?

This form should be used when one parent who is a **servicemember** is being **deployed** and either parent wishes to temporarily establish or change the custodial responsibility, parenting plan, or time-sharing schedule. This form should not be used if the action is prohibited by the Service Members Civil Relief Act, 50 U.S.C. ss. 3901-4043. The Motion should be filed *after* a parent receives a Notice of Deployment.

A servicemember is a member of the **uniformed services** and includes:
- Active and reserve components of the Army, Navy, Air Force, Marine Corps, or the Coast Guard of the United States
- The United States Merchant Marine
- The commissioned corps of the United States Public Health Service
- The commissioned corps of the National Oceanic and Atmospheric Administration
- The National Guard of a state or territory of the United States, Puerto Rico, or the District of Columbia

**Deployment** means the movement or mobilization of a servicemember for less than 18 months pursuant to uniformed service orders that:
- Are designated as unaccompanied;
- Do not authorize dependent travel; or
- Otherwise do not permit the movement of family members to the location to which the service member is deployed.

**Custodial responsibility** includes all the powers and duties relating to caretaking authority and decisionmaking authority for a child. It includes physical custody, legal custody, parental responsibility, parenting time, right to access, time-sharing, visitation, and authority to grant limited contact with a child.

**Caretaking authority** means the right to live with and care for a child on a day-to-day basis. The term includes physical custody, parenting time, right to access, time-sharing, and visitation.

**Decisionmaking authority** means the power to make important decisions regarding a child, including decisions regarding a child's education, religious training, health care, extracurricular activities, and travel. The term does not include the power to make decisions that necessarily

accompany a grant of caretaking authority.

**Limited contact** means the authority of a Nonparent to visit a child for a limited time. The term includes authority to take the child to a place other than the child's residence.

A Nonparent who is an adult family member of the child or a non-family member with whom the child has a **close and substantial relationship** may be granted temporary caretaking authority. A close and substantial relationship means a positive relationship of substantial duration and depth in which a significant emotional bond exists between a child and a nonparent.

# What should I do next?

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk or in the case of an active duty member, before an officer authorized to administer oaths**.

You should file the original with the **clerk of the circuit court** and keep a copy for your records. The Motion must be filed in a pending proceeding for custodial responsibility or an existing case if you have one. If there is not a pending proceeding, the motion must be filed in a new action. The court must have jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act.

If you have filed all of the required papers, you may call the clerk of court, family law intake staff or the judicial assistant to set a hearing. You must notify the other party(ies) of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. If the Motion for Order Granting Temporary Custodial Responsibility During Deployment is filed before the deploying parent deploys, you may request an expedited hearing. The court will then enter an order after the hearing.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

Instructions for Florida Supreme Court Approved Family Law Form 12.948(b), Motion for Temporary Order Granting Custodial Responsibility During Deployment (12/19)

- 16 -

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You many find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see section 61.13002, Florida Statutes.

## Special notes

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Settlement Agreement**, if you have reached an agreement on any or all of the issues you should file an **Agreement Granting Temporary Custodial Responsibility During Deployment**, Florida Supreme Court Approved Family Law Form 12.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.948(b), Motion for Temporary Order Granting Custodial Responsibility During Deployment (12/19)

- 17 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____

Division: _____

_____,
Petitioner,

And

_____,
Respondent.

# MOTION FOR TEMPORARY ORDER GRANTING CUSTODIAL RESPONSIBILITY DURING DEPLOYMENT

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1. A final judgment or order establishing custodial responsibility or a Parenting Plan with a time-sharing schedule _____ has _____ has **not** been previously entered by the court.
   If a final judgment or order has been entered, the date of the last order or judgment is _____.
   *{A copy/copies of the final judgment or any modification(s) is/are attached.}*

2. The parent, *{name}* _____, has received a notice of deployment that he/she is subject to deployment on or about *{specific date}* **for a period of less than 18 months** _____.

3. This motion _____ is _____ is **not** being filed before the deploying parent deploys.
   I _____ am _____ am **not** requesting an expedited hearing in accordance with the statute.

4. The Deploying Parent is temporarily unable to continue the current parenting plan and time-sharing schedule with the minor child(ren) during the period of time that the parent is deployed.

5. The parties _____ have _____ have **not** reached an agreement regarding Temporary Custodial Responsibility during deployment.
   If the parties have reached an agreement, an Agreement Granting Temporary Custodial Responsibility During Deployment is filed with this Motion.

6. I _____ am _____ am **not** requesting that a Nonparent be granted temporary custodial responsibility during the deployment. The Nonparent is *{Name}*
   _____.

7. I _____ am _____ am **not** requesting that a Nonparent be granted decisionmaking authority due to the operational constraints of the deployment.  The Nonparent is *{Name}*

Florida Supreme Court Approved Family Law Form 12.948(b), Motion for Temporary Custodial Responsibility During Deployment (12/19)

_____. The decisionmaking powers are as follows:
_____
_____
_____
_____.

8. I _____ am _____ am **not** requesting that a Nonparent be granted temporary caretaking authority. The Nonparent is:
*{Name}*_____.

9. I request the following contact during deployment:
_____
_____
_____.

10. This temporary custodial responsibility is in the best interests of the child(ren) because:
_____
_____
_____
_____
_____.

11. If the motion is granted, I request the court to:
_____Enter a temporary order for child support from the Deploying Parent to the Other Parent pursuant to s.61.30, F.S.;

_____Suspend, abate, or reduce the child support obligation of the Other Parent until the custody judgment or time-sharing order previously in effect is reinstated.

_____ Require the Deploying Parent to enroll the child as a military dependent with DEERS, TriCare, or other similar benefits available to the military dependents as provided by the Deploying Parent's branch of service.

12. If establishment or modification of child support is requested, a completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) **and** a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) is, or will be, filed.

13. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

14. Other:
_____
_____
_____
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.948(b), Motion for Temporary Custodial Responsibility During Deployment (12/19)

- 19 -

I certify that a copy of this Motion for Temporary Order Granting of Custodial Responsibility During Deployment was _____ mailed _____ faxed and mailed _____ e-mailed _____hand-delivered to the parties and any entities listed below on {*date*}_____.

_____
{*Signature*}

**Deploying Parent or his/her attorney**
Name_____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-Mail Address(es) _____
_____

**Other Parent or his/her attorney**
Name_____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-Mail Address(es) _____
_____

**Nonparent or his/her attorney**
Name_____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-Mail Address(es) _____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Florida Supreme Court Approved Family Law Form 12.948(b), Motion for Temporary Custodial Responsibility During Deployment (12/19)

Dated: _____          _____
                                        Signature of Petitioner
                                        Printed Name:

                                        _____
                                        Address: _____
                                        City, State, Zip: _____

                                        _____
                                        Telephone Number: _____
                                        Fax Number:  _____
                                        Designated E-mail Address(es): _____

                                        _____

STATE OF FLORIDA
COUNTY OF _____


Sworn to or affirmed and signed before me on _____ by_____


                                        _____
                                        NOTARY PUBLIC, DEPUTY CLERK, or MILITARY
                                        OFFICER AUTHORIZED TO ADMINISTER OATHS


                                        _____
                                        *[Print, type, or stamp commissioned name of
                                        notary or deputy clerk.]*
_____ Personally known
_____ Produced identification
_____ Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the _____ Petitioner _____ Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

IN THE CIRCUIT COURT OF THE_____JUDICIAL CIRCUIT
IN AND FOR _____COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
                    Petitioner,

and

_____,
                    Respondent.


# ORDER GRANTING TEMPORARY CUSTODIAL RESPONSIBILITY DURING DEPLOYMENT

This cause came before this Court on a Motion for Temporary Custodial Responsibility During Deployment. The Court, having reviewed the file, heard the testimony, and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

**SECTION I.  FINDINGS**

1.  The Court has jurisdiction over the subject matter and the parties, including jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act.

2.  Entry of this Order is not prohibited by the Servicemembers Civil Relief Act, 50, U.S.C. ss. 3901-4043.

3.  *{If applicable}.* The last order establishing or modifying parental responsibility, visitation, or time-sharing was entered on *{date}* _____.

4.     **The parties' dependent or minor child(ren) is (are):**
        **Name**                                                         **Birth date**
        _____
        _____
        _____
        _____
        _____
        _____.

Florida Supreme Court Approved Family Law Form 12.948(c), Order Granting Temporary Custodial Responsibility During Deployment. (12/19)

- 22 -

**SECTION II: DEPLOYMENT**

1. Deploying Parent *{Name}*_____ is being deployed for a period of less than 18 months pursuant to uniformed service orders

2. A Notice of Deployment has been provided to the Other Parent *{Name}* _____ _____

3. To the extent that it is permissible to provide this information, the destination of the deployment is: _____ _____.

4. To the extent that it is permissible to provide this information, the duration of the deployment is: _____.

5. To the extent that it is permissible to provide this information, the conditions of the deployment are _____ _____ _____.

**SECTION III: TEMPORARY CARETAKING AUTHORITY, DECISIONMAKING AUTHORITY, CONTACT WITH CHILD(REN)**

The parties:

_____ Have filed an Agreement for Temporary Custodial Responsibility During Deployment which is in the best interests of the child(ren) and is adopted by the Court. A copy of the Agreement is attached as Exhibit _____.

_____ Have **NOT** filed an Agreement for Temporary Custodial Responsibility During Deployment. The parents shall comply with the following:

1. **Caretaking Authority**:
   Deploying Parent:_____ _____ _____
   Other Parent: _____ _____ _____.

2. **Decisionmaking Authority**:
   Deploying Parent: _____ _____ _____.

Florida Supreme Court Approved Family Law Form 12.948(c), Order Granting Temporary Custodial Responsibility During Deployment. (12/19)

- 23 -

Other Parent: _____
_____
_____.

3. **Contact with Child(ren)-Deploying Parent**
   During Deployment:
   g) Frequency:_____
   _____
   _____.

   h) Duration:_____
   _____
   _____.

   i) Means, Including Electronic:_____
   _____
   _____
   _____.

   j) Role of Other Parent in Facilitating Contact:_____
   _____
   _____
   _____.

   k) Role of Agreed Nonparent in Facilitating Contact:_____
   _____
   _____
   _____.

   l) Allocation of Any Costs of Contact:_____
   _____
   _____
   _____.

   While on leave or is otherwise available: _____
   _____
   _____.
   After deployment ends and until termination of order: _____
   _____
   _____.

4. **Contact with Child(ren)-Other Parent**
   _____
   _____
   _____.

**SECTION IV: NONPARENT-TEMPORARY CARETAKING AUTHORITY, DECISIONMAKING AUTHORITY, CONTACT WITH CHILD(REN)**

1. _____ The Court does **NOT** establish caretaking authority, decisionmaking authority, or contact with the child(ren) by any Nonparent.

Florida Supreme Court Approved Family Law Form 12.948(c), Order Granting Temporary Custodial Responsibility During Deployment. (12/19)

- 24 -

**OR**

_____ The Court establishes caretaking authority decisionmaking authority and/or contact with the child(ren) by the Nonparent *{Name}* _____.

2. The Nonparent is:

_____An adult family member of the child: or

_____An adult who is not a family member with whom the child(ren) has/have a close and substantial relationship.

The full legal name, street address, telephone number, and e-mail address of the nonparent is as follows: _____
_____
_____.
The child's street address shall not be changed without notification to the court and all parties disclosing the new address and contact information.

3. The parties:

_____ Have filed an Agreement have for temporary caretaking authority, decisionmaking authority and contact by the Nonparent. The Agreement is in the best interests of the child(ren) and is adopted and incorporated herein.
        OR
_____ Have **NOT** reached an Agreement for temporary caretaking authority, decisionmaking authority, and/or contact with the child(ren).

4. **Caretaking Authority *{If Applicable}***
The Court finds that caretaking authority by the Nonparent is in the best interest of the child(ren). If the Nonparent is an adult who is not a family member with whom the child(ren) has/have a close and substantial relationship, the best interest of the child(ren) has been established by clear and convincing evidence.
*{Specific Findings}*: _____
_____
_____
_____.

The Nonparent shall have caretaking authority as follows: _____
_____
_____
_____.

The caretaking authority does not exceed the amount of time granted to the Deploying Parent under a permanent custody order. In the absence of a permanent custody order that is currently in effect, the caretaking authority does not exceed amount of time the Deploying

Florida Supreme Court Approved Family Law Form 12.948(c), Order Granting Temporary Custodial Responsibility During Deployment. (12/19)

- 25 -

Parent habitually cared for the child(ren) before being notified of deployment. Additional travel time may be added if necessary to transport the child(ren).

5.  **Decisionmaking Authority** *{If Applicable}*
    If due to the operational constraints of the deployment, the Deploying Parent is unable to exercise decisionmaking authority, the court finds that it is in the best interest of the child(ren) that the Nonparent exercise the following decisionmaking authority. If the Nonparent is an adult who is not a family member with whom the child (ren) has/have a close and substantial relationship, the best interest of the child(ren) has been established by clear and convincing evidence.
    *{Specific Findings}*:_____
    _____
    _____
    _____.
    The specific decisionmaking powers are: _____
    _____
    _____
    _____.
    The duration of the decisionmaking powers is: *{Cannot exceed the length of time in which the Deploying Parent is unable to exercise decision making authority}* _____
    _____.

6.  **Contact** *{If Applicable}*
    The court finds that it is in the best interest of the child(ren) for the Nonparent to have contact as follows. If the Nonparent is an adult who is not a family member with whom the child has a close and substantial relationship, the best interest of the child(ren) has been established by clear and convincing evidence.
    *{Specific Findings}*: _____
    _____
    _____
    _____.

    Nonparent contact is as follows:_____
    _____
    _____
    _____.

## SECTION V.  CHILD SUPPORT

1.  The Court has jurisdiction under the Uniform Interstate Family Support Act.

2.  There _____ is _____ is **not** an existing child support obligation.  The _____ Deploying Parent _____ Other Parent is currently ordered to pay child support in the amount of $_____ every

*{specify week, every two weeks, month, or other}* _____.

3. **Temporary Modification of Child Support.**

   a. _____ The court **does not** modify the existing child support obligation.

   b. _____The Other Parent's current obligation to pay child support is:

      _____ Abated
      _____ Suspended
      _____ Reduced to $_____ per *{specify week, every two weeks, month, or other}* _____ until such time as the custody judgment or time-sharing order previously in effect is reinstated.

   c. _____The Court finds that there is a need for temporary establishment or modification of child support. The Deploying Parent has the present ability to pay child support.

      The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by _____ Deploying Parent _____ Other Parent are correct.
      **OR**

      The Court makes the following findings:

      Deploying Parent's net monthly income is $_____, (Child Support Guidelines _____ %).
      Other Parent's net monthly income is $_____, (Child Support Guidelines_____ %).
      Monthly child care costs are $_____.
      Monthly health/dental insurance costs for the child(ren) are $_____.

4. **Amount.**
   Temporary child support established at the rate of $_____per month for the _____child(ren) *{total number of parties' minor or dependent child(ren)}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with the Deploying Parent's current payroll cycle.

   Upon the termination of the obligation of child support for one of the parties' child(ren), child support in the amount of $_____for the remaining _____child(ren) *{total number of remaining child(ren)}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Deploying Parent's current payroll cycle.

Florida Supreme Court Approved Family Law Form 12.948(c), Order Granting Temporary Custodial Responsibility During Deployment. (12/19)

- 27 -

*{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent child(ren), which shall be payable as the obligation for each child ceases. Please indicate whether the schedule _____ appears below or _____ is attached as part of this form.}*

_____
_____
_____
_____
_____
_____.

The Deploying Parent shall pay child support until all of the minor or dependent child(ren): reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; until the deployment terminated; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
_____
_____.

5. **Place of Payment.**

   a. _____Deploying Parent shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

   b. _____Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through the State Disbursement Unit or the central depository.

6. **Income Deduction.**

   a. _____**Immediate.** Deploying Parent shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Deploying Parent is individually responsible for paying this support obligation until all of said support is deducted from Deploying Parent's income. Until support payments are deducted from Deploying Parent's paycheck, Deploying Parent is responsible for making timely payments directly to the State Disbursement Unit or the Other Parent, as previously set forth in this order.

   b. _____**Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation

Florida Supreme Court Approved Family Law Form 12.948(c), Order Granting Temporary Custodial Responsibility During Deployment. (12/19)

- 28 -

c. occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*

_____

_____

**AND**

_____ There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,

**AND**

_____ There is an agreement by the Deploying Parent to advise the Title IV-D agency, clerk of court and Other Parent of any change in Payor and/or health insurance

**OR**

_____there is a signed written agreement providing an alternative arrangement between the Deploying Parent and the Other Parent and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

7. **Other provisions relating to child support:** _____

_____

_____

_____

.

**SECTION VI: INSURANCE**

1. _____ The Court does not change the previously established insurance provisions.

2. _____ The Deploying Parent shall enroll the child(ren) as military dependent(s) with DEERS, TriCare, or other similar benefits available to military dependents as provided by the Deploying Parent's branch of service**.**

3. _____Reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall be assessed as follows:

_____ Shared equally by both parents.

_____ Prorated according to the child support guideline percentages.

_____ Other *{explain}*: _____

_____

As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

Florida Supreme Court Approved Family Law Form 12.948(c), Order Granting Temporary Custodial Responsibility During Deployment. (12/19)

- 29 -

**SECTION VII:  TERMINATION**

This order is temporary and terminates after the Deploying Parent returns from deployment.


**SECTION VIII.  OTHER**

1. **Other Provisions.** _____
   _____
   _____
   _____
   _____
   _____.

2. The Court reserves jurisdiction to modify and enforce this Order Granting Temporary Custodial Responsibility During Deployment.

3. Unless specifically modified by this Order, the provisions of all final judgments or orders in effect remain the same.


**DONE AND ORDERED** in _____, Florida, on _____.


_____
CIRCUIT JUDGE


Florida Supreme Court Approved Family Law Form 12.948(c), Order Granting Temporary Custodial Responsibility During Deployment. (12/19)

- 30 -

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order Granting Temporary Custodial Responsibility During Deployment was _____ mailed _____ faxed and mailed _____ e-mailed _____hand-delivered to the parties and any entities listed below on {*date*}_____.

_____
by {*clerk of court or designee*}

_____Petitioner (or his or her attorney)
_____Respondent (or his or her attorney)
_____Nonparent (if applicable)
_____Central Depository
_____State Disbursement Unit
_____Other: _____

Florida Supreme Court Approved Family Law Form 12.948(c), Order Granting Temporary Custodial Responsibility During Deployment. (12/19)

- 31 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.948(d)
## MOTION TO MODIFY OR TERMINATE TEMPORARY GRANT OF CUSTODIAL RESPONSIBILITY OR LIMITED CONTACT TO NONPARENT DURING DEPLOYMENT
## (12/19)

### When should this form be used?

This form should be used when you are asking the court to modify or terminate a temporary grant of custodial responsibility during deployment. The Motion must be consistent with the Servicemembers Civil Relief Act, 50 U.S.C. ss. 3902-4043. The Motion may be filed by the **Deploying Parent,** the **Other Parent,** or any **Nonparent** who was granted caretaking authority. Any modification is temporary and terminates after the Deploying Parent returns from deployment, unless the temporary grant of custodial responsibility has been terminated before that time by court order.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  A military member may sign before a military officer authorized to administer oaths. You should **file** the Motion in the case where the Order Granting Temporary Custodial Responsibility During Deployment was entered. You should file the original with the **clerk of the circuit court** and keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### What should I do next?

For your case to proceed, you must certify that you have sent a copy of the Motion to all the other parties, including any Nonparty granted caretaking authority.  If you have filed all of the required papers, you may call the clerk of court, family law intake staff or the judicial assistant to set a hearing. You must notify the other party(ies) of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Instructions for Florida Supreme Court Approved Family Law Form 12.948(d), Motion to Modify or Terminate Temporary Grant of Custodial Responsibility or Limited Contact to Nonparent During Deployment (12/19)

- 32 -

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at [www.flcourts.org](www.flcourts.org) through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.948(d), Motion to Modify or Terminate Temporary Grant of Custodial Responsibility or Limited Contact to Nonparent During Deployment (12/19)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# MOTION TO MODIFY OR TERMINATE TEMPORARY GRANT OF CUSTODIAL RESPONSIBILITY OR LIMITED CONTACT TO NONPARENT DURING DEPLOYMENT

I, *{full legal name}* _____,
being sworn, certify that the following information is true:

1. I am the _____ Deploying Parent _____ Other Parent _____ Nonparent granted caretaking authority.

2. On *{date}* _____ the Court entered an Order Granting Temporary Custodial Responsibility During Deployment. The Order _____ did _____ did not adopt an Agreement Granting Temporary Custodial Responsibility During Deployment.

3. Paragraph(s)_____of the _____ Order Granting Temporary Custodial Responsibility During Deployment or _____ most recent modification thereof describes the present caretaking authority, decisionmaking authority, and contact with the child(ren).

4. I ask the Court to: *{Choose only one}*
   _____ Terminate the Order Granting Temporary Custodial Responsibility During Deployment

   _____ Modify the Order Granting Temporary Custodial Responsibility During Deployment, as follows: *{explain}*

   _____
   _____
   _____
   _____
   _____
   _____
   _____ .

5. The termination or modification of the Order Granting Temporary Custodial Responsibility During Deployment is in the best interest of the child(ren) because: *{explain}*
   _____

Florida Supreme Court Approved Family Law Form 12.948(d), Motion to Modify or Terminate Temporary Grant of Custodial Responsibility or Limited Contact to Nonparent During Deployment (12/19)

_____
_____
_____
_____
_____
_____.

6. The modification is temporary and terminates after the Deploying Parent returns from Deployment, unless the temporary grant of custodial responsibility has been terminated by the court before that time.

7. Other:

_____
_____
_____
_____
_____
_____
_____
_____.

Florida Supreme Court Approved Family Law Form 12.948(d), Motion to Modify or Terminate Temporary Grant of Custodial Responsibility or Limited Contact to Nonparent During Deployment (12/19)

- 35 -

**CERTIFICATE OF SERVICE**

I certify that a copy of this Motion to Modify or Terminate Temporary Grant of Custodial Responsibility or Limited Contact to Nonparent During Deployment was _____ mailed _____ faxed and mailed _____ e-mailed _____hand-delivered to the parties and any entities listed below on {*date*}_____.

_____
{*Signature*}

**Deploying Parent or his/her attorney**
Name_____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-Mail Address(es) _____
_____

**Other Parent or his/her attorney**
Name_____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-Mail Address(es) _____
_____

**NonParent or his/her attorney**
Name_____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-Mail Address(es)_____

Florida Supreme Court Approved Family Law Form 12.948(d), Motion to Modify or Terminate Temporary Grant of Custodial Responsibility or Limited Contact to Nonparent During Deployment (12/19)

- 36 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature
Printed Name: _____
Address: _____
City, State, Zip: _____

_____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____

_____
NOTARY PUBLIC, DEPUTY CLERK. or MILITARY
OFFICER AUTHORIZED TO ADMINISTER OATHS

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known

_____ Produced identification

_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the _____Petitioner _____Respondent _____Nonparent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}*_____, *{state}* _____,*{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.948(d), Motion to Modify or Terminate Temporary Grant of Custodial Responsibility or Limited Contact to Nonparent During Deployment (12/19)

- 37 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.948(e),
# AGREEMENT TO TERMINATE ORDER GRANTING TEMPORARY CUSTODIAL RESPONSIBILITY DURING DEPLOYMENT
# (12/19)

## When should this form be used?

This form should be filed after a **Deploying Parent** returns from deployment and the Deploying Parent and the Other Parent are seeking to terminate an Order Granting Temporary Custodial Responsibility or an Agreement Granting Temporary Custodial Responsibility During Deployment**.**

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the clerk of the circuit court in the county where the Order Granting Temporary Custodial Responsibility was entered and keep a copy for your records.

If you have filed all of the required papers, you may call the clerk of court, family law intake staff or the judicial assistant to set a hearing. You must notify the other party(ies) of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. The court will then enter an order after the hearing.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party, along with a notice of hearing.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format**

Instructions for Florida Supreme Court Approved Family Law Form 12.948(e), Agreement to Terminate Order Granting Temporary Custodial Responsibility During Deployment (12/19)

- 38 -

**requirements set forth in the Rules of Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you **must** review Florida Rule of Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE  NOT REQUIRED TO DO SO**. If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

## Special notes

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.948(e), Agreement to Terminate Order Granting Temporary Custodial Responsibility During Deployment (12/19)

- 39 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# AGREEMENT TO TERMINATE ORDER GRANTING TEMPORARY CUSTODIAL RESPONSIBILITY DURING DEPLOYMENT

1. We, the Deploying Parent *{full legal name}* _____ and Other Parent *{full legal name}* _____, agree to terminate the Order Granting Temporary Custodial Responsibility During Deployment entered on *{date}* _____.

2. The Order Granting Temporary Custodial Responsibility During Deployment shall terminate on:

   _____ The following date: _____.

   _____ The date this Agreement is signed by the Deploying Parent and the Other Parent.

## CERTIFICATE OF SERVICE

We certify that a copy of this document was _____e-mailed _____ mailed _____ faxed _____hand-delivered to the person(s) listed below on *{date}* _____.

**NONPARENT (If applicable)**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

Florida Supreme Court Approved Family Law Form 12.948(e), Agreement to Terminate Order Granting Temporary Custodial Responsibility During Deployment (12/19)

- 40 -

**I certify that I have been open and honest in entering into this Agreement. I am satisfied with this Agreement and intend to be bound by it.**

Dated: _____

_____
Signature of Deploying Parent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC, DEPUTY CLERK, or MILITARY
OFFICER AUTHORIZED TO ADMINISTER OATHS

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known

_____ Produced identification

_____ Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.948(e), Agreement to Terminate Order Granting Temporary Custodial Responsibility During Deployment (12/19)

- 41 -

**I certify that I have been open and honest in entering into this Agreement. I am satisfied with this Agreement and intend to be bound by it.**


Dated: _____          _____
                                        Signature of Other Parent
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____
                                        _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                        _____
                                        NOTARY PUBLIC, DEPUTY CLERK, or MILITARY
                                        OFFICER AUTHORIZED TO ADMINISTER OATHS

                                        _____
                                        *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known

_____ Produced identification

_____ Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in all blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.948(e), Agreement to Terminate Order Granting Temporary Custodial Responsibility During Deployment (12/19)